

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert K. Herron
County Auditor
Archer City, Texas

Hon. Millard L. Threet
County Attorney
Archer City, Texas

Gentlemen:

Opinion No. O-2692
Re: The legal status of attempted
nominations for the offices of county
clerk, district clerk, and county and
district clerk of Archer County, Texas
(Opinion No. O-2591).

We quote as follows from the recent letter received by this Department from Mr. Herron, County Auditor and County Clerk of Archer County:

"Enclosed find a certified copy of certificate filed with me as County Clerk, of Archer County, Texas, by L. K. Hyer, County Democratic Chairman, as to the persons who received the majority of votes cast in the July 27th, 1940 primary of the Democratic Party. In same please note that the Democratic Chairman has certified Nellie Davis for the office of District Clerk and Garvey Melugin for the office of District and County Clerk. Please refer to your opinion numbered O-2591 which explains the status of the District and County Clerks offices in Archer County, Texas.

"1. Question. Am I required to place the name of Nellie Davis as nominee of the Democratic Party for the office of District Clerk on the General Election Ballot?

Hon. Bert K. Herron, Hon. Millard L. Threet, Page 2

"2. Question. Am I required to place the
name of Garvey Melugin as nominee of the Democratic
Party for the office of District and County Clerk
on the General Election Ballot? . . ."

We are likewise in receipt of a communication from
Mr. Threet, County Attorney of Archer County from which we
quote as follows:

"There were several votes tabulated for Dis-
trict & County Clerk in the July Primary, as a
joint office, which said votes were counted and
certified along, with other names, to the County
Clerk. Should the County Clerk place the name of
the nominee for the joint offices of District &
County Clerk on the General Election Ballot?"

In Opinion No. O-2591, to Honorable Z. D. Allen,
District Attorney, Wichita Falls, Texas, this department
ruled "that the attempted nomination by the voters of Archer
County of Joe Branch and Jack Meredith to the office of
county clerk and Mrs. Nellie Davis to the office of district
clerk was in each case ineffective as a nomination to any
office subject to being filled by the voters at the forth-
coming general election; and that the attempt of seven voters
of Archer County to nominate Garvey Melugin to the one of-
fice of county and district clerk by writing in both the
title of the office and the name of such person was likewise
ineffective as a nomination of such person to the office of
county and district clerk of Archer County, Texas."

Copies of this opinion are being enclosed, herewith,
for your information.

It follows from the ruling thus made that these
respective attempted nominations are of no force and effect
and the individuals involved should neither be certified by
the County Democratic Executive Committee as the nominees
of the democratic party nor their names placed on the gen-
eral election ballot.

As declared in our opinion No. O-2591, the respec-
tive offices of county clerk and district clerk of Archer
County are not offices subject to being filled by the qual-

ified voters at the forthcoming general election; in lieu thereof, there is only the one office of county and district clerk to be filled. In the absence of legal nominees therefor, manifectly only the title of the office may be printed on the general election ballot.

We trust the foregoing will clarify the anomalous situation existing in your county with reference to these matters.

Adverting to the specific questions asked by Mr. Threet, County Attorney, and Mr. Herron, County Auditor, quoted hereinabove, we quote as follows from the case of Couch et al v. Hill, County Clerk, et al, 10 S. W. (2d) 170, 172 (error dismissed):

"So is it contended by appellants that the duty of the county clerk to publish appellants' names as the nominees of the Republican Party for the offices they seek, and to print those names on the official ballot, was purely ministerial in its character; that the clerk is clothed with no discretion in the matter; and that upon receipt of Ferguson's certificate, the duty was absolutely mandatory upon the clerk to publish appellants' names and place them on the official ballot. We overrule this contention. The clerk's duty is to publish the names in the certificate, and print them on the ballot, when these names are of 'candidates who have received the necessary votes to nominate' them (article 3189) and when those names 'have been lawfully certified to him' (article 3132). The official ballot shall contain the names of those only 'whose nominations for an elective office have been duly made and properly certified' (article 2978), and 'no name shall appear on the official ballot except that of a candidate who was actually nominated . . . in accordance with the provisions of this title' (article 2978). In view of these provisions, and as a practicable matter besides, it is clear that the county clerk must not blindly publish and print on the ballot every name certified to him as a party

Hon. Bert K. Herron, Hon. Millard L. Threet, Page 4

nominee, but must proceed cautiously, satisfying himself as to the authority of the person certifying; and, when he is made aware of facts or circumstances which cast reasonable doubt upon the authority of the one certifying, or upon the regularity or legality of the nomination of the persons whose names are certified to him, it becomes his duty to ascertain the facts before he performs the important duty prescribed for him in such cases." (Emphasis ours)

The duty of the county clerk in the situation at hand is thus fully set out.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:ob
Encl.

APPROVED SEP 12, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS